LEMUEL E. DEMELMAN *vs.* DELOSS M. BRISTOLL.

Suffolk.    January 9, 1901. — May 24, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Writ of Entry*, Tenant's compensation for improvements, Tenant's liability for net rental value during occupation. *Practice, Civil*, Double costs.

Under Pub. Sts. c. 173, § 18, giving the tenant in a writ of entry compensation for improvements if he has held the premises under a title which he had reason to believe to be good, a tenant cannot be allowed for improvements made after the bringing of the writ.

Under Pub. Sts. c. 173, § 14, a demandant prevailing is entitled to the net rental value of the premises during the time they are detained by the tenant, including their detention pending the tenant's motion for a new trial.

In this case it was adjudged that the exceptions were frivolous and appeared to have been intended for delay, and double costs were awarded against the tenant from the time when the exceptions were alleged by him, with interest from the same time at the rate of twelve per cent a year upon the damages.

WRIT OF ENTRY, dated January 20, 1894.

No counsel appeared for the tenant.

*E. F. McClennen*, for the demandant.

BARKER, J. · The tenant's title seems to have been founded upon the foreclosure of a forged mortgage purporting to have

been made by the demandant's grantor.  The trial was before the Chief Justice of the Superior Court without a jury and resulted in a finding for the demandant in which his damages were assessed in the sum of $400.  Judgment was not at once entered on the finding because of the tenant's motion for a new trial.  The tenant made a suggestion of improvements and his claim for compensation for them and the demandant's claim for additional damages on account of the tenant's continued occupation of the premises during the pendency of his motion for a new trial were referred to an assessor, whose report was confirmed and allowed by the court and judgment entered thereon, the tenant excepting.  The bill of exceptions was entered in this court and argued for the demandant.  The tenant did not argue but obtained leave to file a brief and has filed none.  Upon examining his bill of exceptions the only questions which seem to be raised are whether he can be allowed for improvements made after the bringing of the writ of entry, and whether the demandant can have damages for the tenant's continued use of the premises after the finding.  The first question is governed by *Harris* v. *Marblehead,* 10 Gray, 40, which holds that no claim can be made for improvements made during the pendency of the controversy.  The assessment included in the finding of the Chief Justice was of damages to the date of the finding.  As possession was withheld thereafter pending the tenant's motion for a new trial, it was right to award further damages, in order to charge the tenant with the clear rental value of the premises for the time during which he was in possession thereof.  Pub. Sts. c. 173, § 14.

The exceptions are frivolous and appear to have been intended for delay.  Double costs are awarded against the tenant from the time when they were alleged, and interest from the same time at the rate of twelve per cent a year upon the damages.

*Exceptions overruled.*